**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| J.C. Johnson, and Diamond Willow, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **ORDER OF DISMISSAL** |
| vs. | ) | **WITHOUT PREJUDICE** |
| | ) | |
| Randy Phelan, John Doe I thru VI, | ) | Case No. 1:19-cv-102 |
| Mark Fox, Fred Fox, and Monica | ) | |
| Mayer, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Plaintiffs' "Motion for Emergency Temporary Restraining Order Without Notice" filed on August 26, 2019. <u>See</u> Docket No. 6. The Plaintiffs seeks a temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, specifically requesting an order prohibiting the Defendants from interfering with the Plaintiffs' business operations located on the Fort Berthold Indian Reservation and the State of North Dakota.

## I.    <u>BACKGROUND</u>

J.C. Johnson, individually, and Diamond Willow, LLC ("Diamond Willow") initiated this action on June 11, 2019, by filing a complaint in federal court against Randy Phelan and John Does I through VI. <u>See</u> Doc. No. 1. The Plaintiffs filed an amended complaint on August 26, 2019. <u>See</u> Doc. No. 4. In the amended complaint, the Plaintiffs added Mark Fox, Fred Fox, and Monica Mayer, M.D., as Defendants. The Plaintiffs allege the individually named Defendants, as members of the Three Affiliated Tribes Tribal Council, have interfered with Johnson's operation of Diamond Willow "in an effort to shut down Diamond Willow." On August 16, 2019, the Tribal Business Council took Executive Action to stay the renewal of Diamond Willow's business license

"until such time as the IBA responds to the trespass inquiry and completes its investigation, and directs the TERO Commission to take action consistent with this [Executive Action]." <u>See</u> Doc. No. 4-3. The Office of Chairman Mark Fox distributed the Executive Action to certain oil and gas companies on August 22, 2019. Prior to the issuance of the Executive Action, Diamond Willow conducted operations on the Fort Berthold Indian Reservation though a business license with the Tribal Employment Rights Office ("TERO") of the Three Affiliated Tribes. <u>See</u> Doc. No. 4, p. 5.

The Plaintiffs allege five (5) causes of action in their complaint: (1) tortious interference with contract, (2) conspiracy, (3) declaratory relief, (4) injunctive relief, and (5) intentional infliction of emotional distress. However, the Plaintiffs allege this action "involves federal Indian preference law and federal mineral leases that mandate Indian preference in employment on Indian/federal trust lands, and more specifically to allotted lands held in trust by the United States for individual Plaintiffs." <u>Id.</u> at 3.

The Plaintiffs filed the motion for temporary restraining order on August 26, 2019. That same day, Defendant Randy Phelan filed a motion to dismiss the original complaint for lack of jurisdiction. <u>See</u> Doc. No. 8. The Defendants filed a response to the motion for temporary restraining order on August 27, 2019. <u>See</u> Doc. No. 11.


II.  <u>**LEGAL DISCUSSION**</u>

Before the Court may address a motion for preliminary injunction, the Court must be satisfied it has jurisdiction over the matter. "Federal courts are courts of limited jurisdiction." <u>Myers v. Richland County</u>, 429 F.3d 740, 745 (8th Cir. 2005) (quoting <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994)). The burden of establishing a federal court's jurisdiction rests upon the party asserting jurisdiction. <u>Kokkonen</u>, 511 U.S. at 377. Jurisdictional

issues may be raised *sua sponte* by a federal court when there is an indication that jurisdiction is lacking. Krein v. Norris, 250 F.3d 1184, 1187 (8th Cir. 2001) (citing Thomas v. Basham, 931 F.2d 521, 522 (8th Cir. 1991))

The Plaintiffs allege this Court's jurisdiction arises pursuant to 28 U.S.C. § 1331. See Doc. No. 4, p. 3. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Consequently, pursuant to Rule 8(a)(1) of the Federal Rules of Civil Procedure, the Plaintiffs are required to plead a "short and plain statement of the grounds for the court's [subject matter] jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). The Plaintiffs allege this Court has subject matter jurisdiction "because the action involves federal Indian preference law and federal mineral leases that mandate Indian preference in employment on Indian/federal trust lands, and more specifically to allotted lands held in trust by the United States for individual Plaintiffs." See Doc. No. 4, p. 3.

The claims asserted against the Defendants in the amended complaint consist of (1) tortious interference with contract, (2) conspiracy, (3) declaratory relief, (4) injunctive relief, and (5) intentional infliction of emotional distress. The Plaintiffs' causes of action arise exclusively from the actions of the Tribal Business Council's staying the renewal of Diamond Willow's business license by Executive Action, and Chairman Fox's communication of such stayed renewal to oil and gas companies. Those actions of the Tribal Business Council are certainly troubling and suspect. The Plaintiffs couch their claims as arising under federal law; however, a review of the allegations in the complaint unquestionably reveals the claims asserted do not arise under the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 1331. The mere reference in the complaint to "federal Indian preference law" and "federal mineral leases," or "federal trust lands" is insufficient to trigger federal question jurisdiction. The Plaintiffs have failed to meet

their burden to establish this Court's subject matter jurisdiction over this action. Consequently, the Court finds it lacks jurisdiction over the case and it must be dismissed.[1]

## IV.    <u>CONCLUSION</u>

The Court has thoroughly reviewed the record and finds the Court lacks jurisdiction over the case. Consequently, the Court **ORDERS** Plaintiffs' amended complaint (Doc. No. 4) against the Defendants be **DISMISSED WITHOUT PREJUDICE**. This case involves common law tort claims and remedies that can be, and need to be, addressed in tribal court.

**IT IS SO ORDERED**.

Dated this 28th day of August, 2019.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court

---

[1] The Court notes that had it exercised jurisdiction over the matter, the Court would have denied the Plaintiff's motion for a temporary restraining order at this stage because the *Dataphase* factors do not weigh in favor of the issuance of such an order. <u>See</u> <u>Dataphase Systems, Inc., v. C L Systems, Inc.</u>, 640 F.2d 109, 114 (8th Cir. 1981). Further, the strict requirements of Rule 65(b)(1) for obtaining a temporary restraining order without notice have not been met.